UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID WEINTRAUB, for himself and all others similarly situated,<br><br>       Plaintiffs,<br><br>    v.<br><br>ASTRAL ENERGY LLC,<br><br>       Defendant. | CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>INDEX:_____ |

Plaintiff alleges:

## NATURE OF THIS ACTION

1. Defendant violated the Telephone Consumer Protection Act, 47 USC § 227 *et seq*. ("TCPA"), by placing solicitation phone calls to Plaintiff, and to putative class members, whose landline numbers were registered with the national Do Not Call Registry.

## PARTIES AND JURISDICTION

2. Named plaintiff is a natural person and resident of this judicial district.

3. Astral Energy LLC ("Astral") is a limited liability corporation organized under the laws of New Jersey, with a principal place of business located in New Jersey.

4. The Court has subject matter jurisdiction pursuant to 28 USC §1331; 28 USC §§ 2201-2; and the holding of *Mims v. Arrow Fin. Services, LLC*, 132 S.Ct. 740 (2012).

5. Events giving rise to this action occurred in this judicial district. Venue lies under 28 USC § 1391(b).

## FACTS

6. Plaintiff had a residential landline ending in 0709 at all relevant times.

7. Plaintiff registered his 0709 landline telephone number with the national Do Not Call registry on or about July 23, 2004, and maintained such registration at all relevant times since.

8. Astral sells electricity to residential consumers.

9. Plaintiff's electric utility is PSE&G.

10. On July 13, 2017, Plaintiff received a phone call on his 0709 landline number, in which a person solicited Plaintiff to switch his utility service to a new provider.

11. The person who spoke to Plaintiff in the July 13 call, whose true name is unknown at this time, will be referred to herein as, "Jane Doe."

12. In the call, Jane Doe requested Plaintiff provide her with certain information concerning his PSE&G account.

13. Plaintiff did not provide the requested information, and asked Jane Doe not to call back.

14. Plaintiff hung up the phone.

15. Moments later, Jane Doe called back.

16. Jane Doe again requested Plaintiff provide information from his PSE&G account, for the purpose of switching to a new utility provider.

17. Plaintiff again did not give the requested information, and again requested that Jane Doe not call back.

18. Plaintiff hung up the phone.

19. Moments later, Jane Doe called back.

20. Jane Doe again requested Plaintiff provide information from his PSE&G account, for the purpose of switching to a new utility provider.

21. Plaintiff again refused to provide the requested information, and asked that he not be called back.

22. Upon information and belief, the July 13 solicitation to Plaintiff came from Astral, and the purpose of the call was to solicit Plaintiff to switch his utility service provider to Astral.

23. In one of the July 13 calls, Jane Doe stated, "Sir, we're located in Bergenfield New Jersey." Jane Doe specifically stated she was located on Tyson Place, in Bergenfield.

24. Upon information and belief, Astral maintains a place of business on Tyson Place, in Bergenfield. The state of New Jersey maintains a list, available on the Internet at http://nj.gov/njpowerswitch/suppliers/electric/, of electricity suppliers with their address of record. The only supplier with an address Bergenfield, is Astral. The address is 16 Tyson Place.

25. The state of New Jersey maintains a list of PSE&G gas suppliers with their address of record, available on the Internet at:

    http://www.nj.gov/bpu/pdf/energy/shopping_forms/pseggasterritory.pdf

    The only supplier located in Bergenfield is Astral, with the address listed as 16 Tyson Place.

26. On August 14, 2017, Plaintiff received a call, soliciting him to switch utility service providers and thereby save money.

27. On the August 14 call, the person speaking to Plaintiff explicitly stated that by switching to "Astral Energy," Plaintiff could save money on his utility bills.

28. Each phone call described above caused Plaintiff annoyance, harassment, and wasted his time.

29. Plaintiff did not give prior consent to Astral to contact him by phone for purposes of soliciting him as a prospective Astral customer.

30. Plaintiff had no prior relationship with Astral as of July 13, 2017, or August 14, 2017.

## CLASS ACTION ALLEGATIONS

31. **Class definition**: This action is brought pursuant to FRCP 23 on behalf of the following class of individuals:

    All persons within the United States: (a) who, within the four years before the filing of the this Complaint, and through the date of class certification (b) received two or more solicitation calls within any twelve-month period (c) on a residential phone number registered on the national Do Not Call Registry; (d) from, or on behalf of, Astral.

32. The action is properly maintained as a class action.

33. **Numerosity**. Upon information and belief, the class is so numerous that joinder of all parties is not practical. Astral, and those acting on its behalf, engage in telephone marketing on a mass scale, initiating hundreds or thousands of phone calls to consumers.

34. **The class is ascertainable.** Upon information and belief, Astral, and those acting on its behalf, maintain records sufficient to identify class members, and phone calls to class members which violated the TCPA for the reasons alleged herein. Additionally, third-parties, such as phone companies, are in possession of records which may assist in ascertaining the class.

35. **Common Questions Predominate.** Common questions of law and fact which are common to class members predominate over individual questions. These common questions include whether Astral violated the TCPA, and whether it did so willfully or knowingly.

36. **Plaintiff's claims are typical of class members'.** The legal theories and factual findings that would support Plaintiff's claims for relief would apply equally to the claims brought on behalf of the class.

37. **Adequacy**. Plaintiff is prepared to adequately represent the class, and has retained competent counsel to do so. No conflicts are foreseen in named Plaintiff acting on behalf of the class.

38. **Superiority.** A class action is a superior means of pursuing the claims alleged herein, because a class action: eliminates the risk of inconsistent results across various forums; renders the pursuit of these claims economical, whereas individual claims may not justify the expense of litigation; no difficulties are foreseen in maintain this action as a class action.

**COUNT I**
**Telephone Consumer Protection Act**
**47 USC § 227 et seq.**

39. All preceding paragraphs are re-alleged.

40. Plaintiff brings this claim pursuant to 17 U.S.C. § 227(c)(5) of the TCPA, for himself and the class defined more fully above.

41. The TCPA protects the privacy of consumers, by prohibiting against unwanted telephone solicitations. Regulations promulgated by the Federal Communications Commission, implementing the TCPA, set forth at 47 CFR § 64.1200(c)(2), prohibit solicitation phone calls to any person whose number has been placed on the national Do-Not-Call registry.

42. Astral placed, or persons acting on behalf of Astral and with its consent placed, solicitation telephone calls to Plaintiff and class members.

43. Such calls were placed to residential landlines registered with the national Do Not Call registry.

44. Astral violated the TCPA strictly, or in the alternative, violated the TCPA knowingly.

45. Plaintiff suffered harm as a consequence thereof.

46. Astral is liable to Plaintiff and class members in the amount of $500 per violation, or in the alternative, for up to $1,500 per violation of the TCPA alleged herein.

47. The Court should declare Astral violated the TCPA, and should enjoin Astral from such further violations of the TCPA as alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands judgement as follows:

A. Certifying the class alleged herein and appointing named Plaintiff and undersigned counsel to represent the same.

B. Damages of $500 for each violation of the TCPA alleged herein, pursuant to 47 USC § 227(c)(5)(b), or in the alternative, damages of $1,500 for each violation of the TCPA alleged herein, pursuant to 47 USC § 227(c)(5)(C);

C. A declaration that Defendants conduct violated the law, and equitable and injunctive relief sufficient to remedy the same pursuant to 47 USC § 227(c)(5)(A) and 28 USC § 2201-2;

D. Attorneys' fees and costs of this action, interest as allowed by law, and all such other relief as this court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: October 3, 2017
New York, New York

                                            **POSNER LAW PLLC**

                                            */s/Gabriel Posner*
N.J. Bar number 137312015
270 Madison Avenue, Suite 1203
New York, New York 10016
Phone: (646) 546-5022
Email: gabe@PosnerLawPLLC.com
*Counsel for Plaintiff*

## LOCAL RULE 11.2 CERTIFICATION

I, Gabriel Posner, Esq. hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy in this action is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

<u>s/ Gabriel Posner, Esq.</u>